UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CR-PAS(s)(s)

UNITED STATES OF AMERICA

vs.

LISETTE LOPEZ PRAT,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Lisette Lopez Prat (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 7 of the Second Superseding Indictment, which count charges the defendant with money laundering conspiracy in violation of Title 18, United States Code, Section 1956.

2. This Office agrees to seek dismissal of Counts 1 through 4 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.

The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to five (5) years and may order restitution.

5.      The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment, within the Sentencing Guidelines advisory range as calculated by the Court.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) fails or refuses to make a full, accurate and complete disclosure to the probation office and to the United States regarding defendant's financial status and the location, control, and disposal of the funds involved in this offense; (4) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant acknowledges that the determination of whether defendant qualifies for the reductions in the Sentencing Guidelines level and other considerations contained in paragraph 7, an important factor will be whether defendant provides good faith voluntary assistance to authorities in the identification and recovery of the fruits and instrumentalities of the offenses charged in the indictment, including truthful and complete assistance with the location and recovery of the funds laundered in this offense by the conspirators, the proceeds of the health care fraud which is the subject of this case, and any substitute assets owned or controlled by co-conspirators.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(1). <u>Value of laundered funds</u>: That the relevant value of the laundered funds for purposes of Sections 2S1.1(a) and 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed attributable to defendant in this case is more than $2,500,000 but less than $7,000,000.

(2). <u>Role in the offense</u>: That the defendant should not receive any adjustment for role in the offense.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise,

is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

### Forfeiture

12. The defendant also agrees to forfeit to the United States voluntarily and immediately all of her right, title and interest to property, which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), including but not limited to:

   (a) all principal, deposits, interest, dividends and other amounts credited to Bank of America account number 5503268768 in the name of Rosy Construction, Inc.;

   (b) all principal, deposits, interest, dividends and other amounts credited to Bank of America account number 8981123901 in the name of Lazaro Prat;

   (c) funds, including interest, up to the amount of $21,000 in Account ending in - 0271 at City National Bank that was originally derived from Bank of America account number 5503268768 in the name of Rosy Construction, Inc;

   (d) real property located at 555 NE 15th Street, Apartment 25H, Miami, Florida 33132;

   (e) real property located at 403 NW 72nd Avenue, #415-F, Miami, FL 33126;

   (f) real property located at 900 Biscayne Boulevard, Unit 3803, Miami, Florida 33132;

   (g) real property located at 1442 SW 93rd Place, Miami, Florida, 33174;

   (h) real property located at 8040 NW 95th Street, Hialeah Gardens, Florida 33016;

   (i) real property located at 17391 SW 290 Street, Homestead, Florida 33033;

   (j) one (1) 2006 Mercedes-Benz, VIN WDBNG70J26A468364; and

 (k) one (1) 2010 Toyota, VIN 5TFJU5F14AX004261.

 13. The defendant further agrees to entry of a money judgment against her, in the amount of $6,952,859, which represents the amount involved in the violation to which she is pleading guilty and which is therefore property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1). The parties agree that the United States will move to amend the forfeiture money judgment after a Final Order of Forfeiture is entered and the the forfeited assets are liquidated. The net proceeds of the forfeited assets in this case shall be applied to reduce defendant's money judgment. The parties agree that this judgment shall be paid jointly and severally with Lazaro Prat.

 14. As a result of the offense alleged in Count 7 in the Indictment, the defendant agrees that the above-referenced property is property, real or personal, involved in such violation, or is property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

 15. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will include the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate

documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

16. Defendant knowingly and voluntarily agrees to waive any claim or defense she may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset.

17. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets. The defendant agrees to waive any appeal for the forfeiture.

18. **Sentencing Appeal Waiver**: The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth

in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. **Immigration Warning - naturalized citizen:** Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

(Continued on next page)

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/30/12          By: _____
                          H. RON DAVIDSON
                          ASSISTANT U.S. ATTORNEY

Date: 8/30/12          By: _____
                          EMMANUEL PEREZ
                          ATTORNEY FOR DEFENDANT

Date: 8/30/12          By: _____
                          LISETTE LOPEZ PRAT
                          DEFENDANT