UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CR-PAS(s)(s)

UNITED STATES OF AMERICA

vs.

LISETTE LOPEZ PRAT,

        Defendant.
_____/

## FACTUAL BASIS FOR PLEA

The parties hereby file this factual basis for defendant Lisette Lopez Prat's (hereinafter "defendant") plea.- By the signatures appearing at the end of this document, the parties hereby represent to the Court that if this case were to proceed to trial, the United States would prove by competent evidence beyond a reasonable doubt that:

In 2004, co-defendant Lazaro Prat (hereinafter "Prat") asked defendant to help him open up a pharmacy under her name and to lend her name to opening up the business and obtaining Medicare approval. Defendant agreed to help Prat open the business.

On August 2, 2004, defendant incorporated Medline Pharmacy with the State of Florida. Defendant was the registered director, president, vice president, secretary and treasurer of Medline Pharmacy ("Medline") from approximately August 2, 2004, through July 29, 2008, when the company was dissolved. -Defendant signed a lease for Medline to be located at 7299 West Flagler Street, Miami, Florida.-

On November 5, 2004, defendant applied to Medicare to obtain approval for Medline to be reimbursed for the sale of durable medical equipment (DME) to Medicare beneficiaries. Defendant was

principally responsible for the business operations of Medline and worked at Medline on a regular basis.

In March 2004, defendant opened a checking account at Bank of America ending in 7814 for Medline Pharmacy. Defendant instructed Medicare to electronically deposit all Medicare payments to Medline into Bank of America account 7814. -Defendant and Prat agreed that they would each have signatory authority for Bank of America account 7814. −Defendant was aware of deposits and withdrawals made into Bank of America account 7814.- Analysis of the records of this account reveals approximately 93% of funds deposited into Medline's Bank of America account 7814 were Medicare payments.

From about February 8, 2005, through July 29, 2008, defendant and Prat caused the submission of more than $7 million but less than $20 million worth of claims to Medicare on behalf of Medline. Defendant and Prat obtained approximately $10 million of reimbursement payments by Medicare to Medline.-

During this time period, defendant was aware that Prat was submitting and causing the submission several million dollars in false and fraudulent Medicare claims on behalf of Medline for DME. The Defendant knew that, as a result of the false and fraudulent claims, a large majority of the funds paid by Medicare into a Bank of America account 7814 were the proceeds of false and fraudulent claims to Medicare.

The United States would prove that Medline submitted fraudulent claims to Medicare and that the defendant was aware, through her access to Medline bank account records and other information, that Medline only paid for minimal DME, and the DME that Medline purchased is many millions of dollars short of that necessary to account for what Medline claimed to have provided.

Knowing that Prat had fraudulently caused Medicare to pay millions of dollars into Bank of America account 7814, defendant agreed with Prat to launder the proceeds of the Medicare fraud by conducting financial transactions involving the proceeds that would conceal and disguise the nature,

location, source, ownership, and control of the proceeds. Defendant and Prat also agreed to engage in monetary transactions involving in excess of $10,000 of the Medicare fraud proceeds by, and through, financial institutions, including Bank of America.

Among the transactions conducted in furtherance of the agreement between defendant and Prat to launder the fraud proceeds were the following:

a. Defendant obtained a cashier's check for $69,568.93 funded from Medline's Bank of America account 7814. Defendant then utilized the fraud proceeds to purchase herself a Mercedes S430 automobile, VIN WDBNG70J26A468364, from Bill Ussery Motors, Inc.

b. Defendant and Prat wrote and negotiated checks from Medline's Bank of America account 7814 worth approximately $1,703,515 payable to Pharmacy Services, a company owned by Prat that conducted no legitimate business. Similarly, defendant and Prat transferred funds through checks and other financial transactions totaling more than $800,000 from Medline's Bank of America account 7814 to Fishing Charters of Miami and Metro Property Development, two companies owned Prat that conducted no legitimate business. Defendant knew that these checks and financial transactions served no legitimate business purpose but were meant to disguise the movement and nature of the fraud proceeds.

c. Defendant and Prat wrote checks from Bank of America account 7814 payable to co-conspirator Josue Fernandez and Amerigroup Distributors totaling approximately $571,000. These transactions were designed to hide the fact that fraud proceeds were involved.

d. Defendant and Prat utilized numerous bank accounts to commit and facilitate the commission of the charged violations.

Defendant admits that fraud defendant and Prat, directly or indirectly, utilized funds obtained through the fraudulent scheme to purchase, maintain and/or improve the following real properties, whether controlled or owned in their own names or in the names of others:

a) real property located at 555 NE 15th Street, Apartment 25H, Miami, Florida 33132;

b) real property located at 403 NW 72nd Avenue, #415-F, Miami, FL 33126;

c) real property located at 900 Biscayne Boulevard, Unit 3803, Miami, Florida 33132;

d) real property located at 8040 NW 95th Street, Hialeah Gardens, Florida 33016;

e) real property located at 17391 SW 290 Street, Homestead, Florida 33033;

Defendant and Prat together enjoyed the proceeds of the Medicare fraud conducted through Medline by, among other things: purchasing and maintaining real property, vehicles, and miscellaneous personal expenditures. These included one (1) 2006 Mercedes-Benz, VIN WDBNG70J26A468364; and one (1) 2010 Toyota, VIN 5TFJU5F14AX004261.

Defendant hereby acknowledges that she willfully and knowingly agreed with LazaroPrat to launder the Medicare fraud proceeds obtained through Medline.

WILFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/30/12          By: _____
                            H. RON DAVIDSON
                            ASSISTANT U.S. ATTORNEY

Date: Aug 30, 2012     By: _____
                            EMMANUEL PEREZ
                            ATTORNEY FOR DEFENDANT

Date: Aug 30, 2012     By: _____
                            LISETTE LOPEZ PRAT
                            DEFENDANT